**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3963-22

ESTATE OF AMELIA BAINLARDI
(mother), and AMELIA BAINLARDI
(daughter), the administrator of the
ESTATE OF AMELIA BAINLARDI
(mother),

     Plaintiff-Appellant,

v.

HOME DEPOT U.S.A. INC.,

     Defendant-Respondent,

and

STANLEY LABADY,

     Defendant.

_____

Argued January 7, 2025 – Decided April 30, 2025

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0021-20.

Jessica R. Bland argued the cause for appellant (Levinson Axelrod, PA, attorneys; Jessica R. Bland, on the briefs).

Kimberly A. House argued the cause for respondent (Marshall Dennehey, attorneys; Kevin E. Hextall and Jessica D. Wachstein, of counsel and on the brief).

PER CURIAM

Plaintiff Estate of Amelia Bainlardi (mother) (hereinafter plaintiff) and Amelia Bainlardi (daughter), the administrator of the Estate of Amelia Bainlardi, appeal from a no cause jury verdict.[1] The action arose from plaintiff's fall while shopping at defendant Home Depot. Plaintiff maintains the trial court erred in admitting evidence of plaintiff's prior falls, medical history, and use of a handicapped placard, and for denying their motion for a new trial. Plaintiff also argues defense counsel made improper comments regarding plaintiff's failure to appear at trial and that plaintiff's negligence claim was fabricated. As evidence of plaintiff's prior falls, medical history, and use of a handicapped placard should not have been admitted at trial and had the capacity to create an unjust result, we vacate the jury's verdict and remand for a new trial.

---

[1] Plaintiff passed away after the trial due to causes unrelated to her lawsuit. Amelia was later appointed by the court to continue the lawsuit on her mother's behalf.

In May 2019, the seventy-nine-year-old plaintiff and her daughter, Frances Bainlardi, went shopping for flowers at Home Depot in East Windsor. Plaintiff, who used the aid of a rollator, was walking down aisle 58 of the store's garden center when she fell and fractured her hip. She alleged the fall occurred because the front wheel of her rollator hit a roof support column situated in the middle of the aisle that was bolted to the floor by an eight-by-eight-inch baseplate, which was three-quarters of an inch thick and had bolts extending upwards by approximately three-quarters of an inch.

Plaintiff sued Home Depot and Stanley Labady, Home Depot's store manager, for negligence. Claims against Labady were later voluntarily dismissed with prejudice.

In Limine Motions

Prior to trial, the court denied plaintiff's in limine motions to: (1) bar evidence of her prior medical conditions and falls; (2) strike portions of defense medical expert Steven Robbins, M.D.'s de bene esse testimony regarding her prior medical history and falls; and (3) bar evidence of her placing a handicap placard on her car. The court ruled Dr. Robbins' could not opine about plaintiff having a propensity for falls, but falls could be used for impeachment purposes

of plaintiff and other witnesses. The court also allowed defendant to mention plaintiff's use of a handicap placard bar.

Plaintiff's Evidence

Plaintiff neither appeared nor testified at trial because of an unrelated health issue. There were no witnesses to plaintiff's fall, and the store's surveillance footage shows only her upper body and head as she fell because shelves blocked the view of her lower body and rollator as she walked down the aisle. Plaintiff's version of the fall and her related injuries was presented to the jury through her counsel's reading of her deposition testimony. See N.J.R.E. 804(a)(4), N.J.R.E. 804(b)(1)(A), and R. 4:16-1(c). The trial court instructed the jury not draw any inferences as to why plaintiff was not present to testify and denied defendant's request for an adverse inference charge. See State v. Clawans, 38 N.J. 162, 171 (1962).

Plaintiff deposed that her rollator wheel hit a bolt of the column baseplate in aisle 58, causing her to fall to her right as the rollator sharply jerked left. She said she did not see the column baseplate before her rollator wheel struck it because she was "looking upward towards my daughter" walking ahead of her. Plaintiff acknowledged she had limitations walking on the day of the accident, because her legs were "hurting," "tingling," and "numb[]." She asserted her lack

of balance did not cause the accident, but rather her rollator wheel hitting the column's baseplate was the sole cause. She claimed using the rollator gave her a "feeling of security and help[] . . . with [her] balance."

Plaintiff recalled two prior falls before the Home Depot accident. The first occurred outside her daughter's house on Christmas Day in 2017, when she tripped over a brick while using her cane, and the second in 2018, when she slipped in her bedroom.

Frances testified at trial regarding plaintiff's prior falls and use of a handicap placard. Her claim that she began caring for her mother after the Home Depot accident conflicted with her deposition testimony that she was helping her mother shower and dress before the accident. Frances discounted her deposition remarks, claiming she "didn't . . . remember the date [of the accident] because, you know, I was nervous that day. And like I said, I have a condition."

Plaintiff presented the expert testimony of Lance Markbreiter, M.D., F.A.C.S., a board-certified orthopedic surgeon, regarding the injuries she sustained from the Home Depot accident. On cross-examination, he was questioned about her prior medical history and falls.

Plaintiff also presented the expert testimony of Len McCuen P.E., A.I.A., C.H.F.P., who testified based on the fields of architecture, engineering, human

A-3963-22

factors, and facilities management. McCuen opined that defendant was negligent in having a roof support column raised baseplate with protruding bolts in a shopping aisle because a person is less likely to perceive low-lying objects that are less than one foot high. He contended that the low quality of the surveillance video footage rendered it unusable to measure or determine what caused plaintiff to fall. He maintained whether plaintiff's rollator wheel hit the baseplate could not be determined from the video footage.

Defendant's Evidence

Defendant's liability expert, Jody DeMarco, P.E., an expert in the fields of civil engineering, forensic engineering, and human factors, testified about his re-creation of plaintiff's accident to determine the cause of her fall. DeMarco stated that through the surveillance video at Home Depot, he was able to pinpoint plaintiff's location in the aisle when she fell by stacking planting pots inside a shopping cart, simulating the top of plaintiff's head, and moving the cart around aisle 58 while comparing a live feed of his demonstration with still photographs from the video. DeMarco opined that when plaintiff fell she was past the location of the column and, therefore, her rollator wheel did not hit the column baseplate.

6

Plaintiff's motion to strike the entirety of DeMarco's testimony — arguing it was unnecessary given how the accident happened was within the ken of the average juror — was denied. The trial court ruled:

> An expert can certainly give testimony regarding their specialized knowledge, skill, and training and experience, but the expert is not precluded from providing testimony that, as counsel puts it, a layperson could simply have just measured things out. That doesn't make it inadmissible. It certainly goes to the . . . weight of the evidence but not to the admissibility of the evidence.

Regarding plaintiff's motion in limine to limit Dr. Robbins' testimony, the court ruled was that Dr. Robbins could testify regarding plaintiff's medical history and handicap placard for both impeachment and substantive purposes but plaintiff's prior falls could only be used for impeachment purposes. However, because the doctor was neither called to testify nor was his de bene esse video testimony played, defendant did not present any testimony regarding plaintiff's medical history, the handicap placard, or prior falls.

Summation/Jury Verdict

In summation, defense counsel argued the jury was not "given an opportunity to judge [plaintiff's] demeanor" because she did not attend the trial. Plaintiff's counsel objected. The court sustained the objection, and with plaintiff's approval, instructed the jury:

7

> You are not to consider the reasons for why [plaintiff] is not here today, whether it's a positive reason or a negative reason. You're not to infer why she's not here and take away anything from that, and I'll instruct you again when I charge you, but you're to disregard any statements made by counsel in his closing arguments as to why [plaintiff] is not here.

The jury found defendant negligent. However, it found defendant's negligence was not the proximate cause of plaintiff's fall. Thus, plaintiff was not awarded damages.

New Trial Motion

Plaintiff filed a Rule 4:49-1(a) motion for new trial, arguing the jury's verdict was inconsistent and against the weight of the evidence. Plaintiff also argued there was a miscarriage of justice due to the trial court's erroneous evidentiary rulings and defense counsel's improper summation comments regarding plaintiff's non-appearance at trial. The motion was denied. This appeal followed.

II.

We first address plaintiff's contention that the judge erred in (1) admitting evidence of her medical history, pre-accident falls, and use of a handicapped placard in the absence of expert testimony and (2) denying her motion to strike

DeMarco's expert testimony recreating her accident. Before doing so, we set forth the principles that guide our analysis.

An appellate court reviews "the trial court's evidentiary rulings . . . 'under the abuse of discretion standard because, from its genesis, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion.'" State v. Prall, 231 N.J. 567, 580 (2018) (quoting Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010)). This standard also applies to challenges of a trial court's rulings regarding a counsel's summation. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 392-93 (2009).

An abuse of discretion occurs when a trial judge's decision "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). An improper evidentiary ruling will call for reversal if it "is 'so wide of the mark' that it constitutes 'a clear error in judgment,'" State v. Garcia, 245 N.J. 412, 430 (2021) (quoting State v. Medina, 242 N.J. 397, 412 (2020)), such that it is "clearly capable of producing an unjust result." Manata v. Pereira, 436 N.J. Super. 330, 349 (App. Div. 2014) (quoting R. 2:10-2).

When no objection is made to admission of evidence, but it is challenged on appeal, the plain error standard applies. R. 2:10-2; State v. Santamaria, 236 N.J. 390, 405 (2019). Plain error is a "high bar" to clear. Santamaria, 236 N.J. at 404. "[T]he error will be disregarded unless a reasonable doubt has been raised whether the jury came to a result that it otherwise might not have reached." State v. Singh, 245 N.J. 1, 13 (2021) (quoting State v. R.K., 220 N.J. 444, 456 (2015)). In civil cases, relief under the plain error rule "is discretionary and should be sparingly employed." Cavuoti v. N.J. Transit Corp., 161 N.J. 107, 129 (1999) (internal quotations and citation omitted); see also Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 487 n.14, (App. Div. 2012).

A. Evidence of Plaintiff's Prior Falls, Medical History,
and Handicapped Placard

Plaintiff argues the evidence (her deposition testimony and her daughters' trial testimony) she presented regarding her prior falls, medical history, and her handicapped placard was premised on the fact that the trial court denied her in limine motion and allowed Home Depot to present Dr. Robbins' de bene esse testimony that her accident was due to her medical condition and akin to her prior falls—not her rollator hitting the column baseplate. She asserts the court "abused its discretion," in "admi[tting] [] this evidence in the absence of any

expert medical opinion[,] [which] had the clear capacity to result in a miscarriage of justice." She stresses that "Dr. Robbins did not offer an opinion in his report that [her] prior falls or prior medical history contributed in any way to her fall in the Home Depot store or the injuries she sustained as a result of the fall." Plaintiff cites Allendorf v. Kaiserman Enter., 266 N.J. Super. 662, 672 (App. Div. 1993), arguing that while her "prior falls or medical conditions may have been potentially relevant to [] the happening of her fall in the Home Depot store or her injuries, expert medical testimony was required to show this 'logical relationship.'" She asserts this did not occur.

Plaintiff further maintains that she was unfairly prejudiced by Home Depot's summation argument that "plaintiff must have fallen because of her prior [medical] conditions." She stresses the jury was allowed to consider "prejudicial and medically unsupported" evidence to find Home Depot's negligence — namely having a support column secured by a baseplate in a shopping aisle — was not the proximate cause of her accident.

Defendant argues the trial court did not abuse its discretion "in permitting the introduction of this evidence as substantive evidence of the cause of[] plaintiff's fall as well as to impeach the credibility of the witnesses." Defendant stresses competent evidence was presented that her fall was not due to her

rollator hitting the column baseplate through plaintiff's deposition testimony that on the day of the accident she had balancing issues and her legs were ailing, and through Frances' inconsistent testimony about the help she provided to her mother before the accident. Defendant rejects plaintiff's reliance on Allendorf, arguing "expert testimony is not required when the evidence at issue is used for the purpose of rebutting causation for the incident as opposed to medical causation." Defendant maintains it "did not contend that plaintiff's accident-related injuries were caused by a pre-existing [medical] condition or some other event," but that the "evidence went to [the] cause of the accident, not the cause of the injuries."

We agree with defendant that plaintiff's reliance on Allendorf is misplaced. There, it was held a "party seeking to present evidence of a prior injury or condition relating to an issue of medical causation must show that the evidence has some 'logical relationship to the issue in the case.'" 266 N.J. Super. at 672 (emphasis added) (quoting Paxton v. Misiuk, 34 N.J. 453, 460 (1961)). Despite our agreement with defendant regarding Allendorf, we conclude the trial court should not have allowed evidence of plaintiff's medical conditions, prior falls, and use of a handicapped placard, and should have granted her in limine motion to preclude Dr. Robbins' testimony regarding that evidence.

12

Initially, it must be pointed out that it was plaintiff who presented this evidence, thereby it is seemingly counterintuitive that she can claim the jury's verdict should be vacated as a result of her evidence. She presented this evidence in anticipation of Home Depot presenting Dr. Robbins' de bene esse testimony about her medical conditions and prior falls, which the court determined was admissible. However, defendant chose not to present the doctor's testimony, instead relying on plaintiff's evidence. There may be some merit to finding that plaintiff should not be able to claim "foul" and get the benefit of a new trial when her trial strategy backfired because Dr Robbins' testimony was not shown to the jury. But the strategy was a direct result of the court denying her in limine motion, which was a mistaken application of discretion.

Dr. Robbins' de bene esse testimony concerning plaintiff's medical conditions and prior falls should have been barred. His testimony did not explain how plaintiff's accident was due to her prior medical conditions. Proving plaintiff's medical conditions and prior falls caused her accident requires expert testimony, especially where a reasonable explanation was provided for the cause of her fall: her rollator wheel hit the column baseplate. See Phillips v. Gelpke, 190 N.J. 580, 591 (2007) (quoting Scully v. Fitzgerald,

179 N.J. 114, 127 (2004)) (holding expert testimony is needed when "the matter to be dealt with is so esoteric that jurors of common judgment and experience cannot form a valid judgment"); see also N.J.R.E. 702. Thus, the evidence of plaintiff's medical conditions and prior falls was not probative of the cause of her fall and was highly prejudicial. See, e.g., N.J.R.E 401 (relevant evidence), N.J.R.E. 403 (exclusion of relevant evidence), and N.J.R.E. 404b (other acts).

The mistaken allowance of this evidence led to Home Depot's cross-examination of Dr. Markbreiter about his prior diagnosis of plaintiff's neuropathy, plaintiff's left hip surgery, physical therapy records about balance and gait issues, and prior falls. Plaintiff's daughters were also questioned in detail about the unrelated medical history and falls. Under these circumstances, it was a miscarriage of justice to allow the jury to consider this evidence because there was no competent medical opinion that plaintiff's fall was attributable to her medical conditions or prior falls. The fact the jury found defendant was negligent—accepting plaintiff's claim that the column baseplate in the shopping aisle was a dangerous condition—but that the negligence was not the proximate cause of plaintiff's accident, demonstrates the prejudicial impact the evidence of her medical conditions and prior falls had on the jury's thinking. Allowing the

14

evidence was "clearly capable of producing an unjust result." Manata, 436 N.J. Super. at 343-44 (internal citation omitted).

## B.  Defendant's Liability Expert Testimony

Turning to DeMarco's liability testimony, plaintiff argues he "did not offer any testimony or an opinion based upon his experience as an engineer or provide any type of engineering analysis," but "simply provided his personal belief as to the location of [] plaintiff's fall" based upon a comparison of the surveillance footage to a live feed of the area.  Plaintiff contends that because "DeMarco was never qualified as an accident reconstructionist expert or an expert in forensic video analysis," his "belief was nothing more than a lay opinion as to where he felt the plaintiff's fall occurred."  Plaintiff argues "DeMarco offered no testimony regarding the defect or any aspect of human factors," and "[n]one of his testimony was within the ambit of forensic engineering or a human factors analysis."  The jury, according to plaintiff, could make its own analysis of the surveillance video.

We are unpersuaded by plaintiff's arguments.  We agree with defendant that at trial plaintiff only looked to strike DeMarco's testimony about the cause of her fall on the grounds that his testimony was unnecessary as it was not outside the ken of the jury.  Plaintiff's counsel stated that, though he "believe[d]

there was a foundation . . . laid" for DeMarco's testimony, he did not think the information fell "outside the ken of the average juror." It was not until plaintiff moved for a new trial after the verdict that she contended DeMarco's testimony was outside his area of his expertise as an engineer and therefore he was unqualified to give an expert opinion. Thus, we should not consider the argument unless there is a showing that plain error occurred. See R. 1:7-2 ("For the purpose of reserving questions for . . . appeal relating to rulings or orders of the court . . . a party, at the time the ruling or order is made or sought, shall make known to the court specifically the action which the party desires the court to take or the party's objection to the action taken and the grounds therefor."); Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 523 (2011) (internal quotations and citation omitted) (holding where a party "has not objected, we generally will not reverse unless plain error is shown").

We conclude the trial court did not mistakenly apply its discretion in overruling plaintiff's objection at trial. Nor did plain error occur through DeMarco's testimony. DeMarco was properly qualified as an expert in the fields of forensic engineering, civil engineering, and human factors, and his testimony was in line with these qualifications. The surveillance video did not show the floor, and there were no corroborating witnesses to plaintiff's account. Thus, it

16

was appropriate for an expert, such as DeMarco, to opine as to why plaintiff fell. DeMarco's method in reconstructing the accident was informed by his expertise and training, not within the ken of the average juror, and his re-creation substantively aided the jury. The fact that McCuen believed the video could not be used to determine the cause of plaintiff's fall does not preclude DeMarco's opinion.

DeMarco relied upon plaintiff's deposition, the surveillance video, American Society for Testing and Materials standards, the applicable property maintenance codes, and reference material about rollators. The still photographs and live surveillance feed on which he based his opinion were properly authenticated. See N.J.R.E. 901; Rodd v. Raritan Radiologic Assocs., P.A., 373 N.J. Super. 154, 165 (App. Div. 2004). His testimony detailed that what he "saw on the live feed screen [the day of the re-creation] and what [he] saw on the surveillance screen was the same view." Plaintiff had ample opportunity to cross-examine DeMarco about his qualifications and the basis for his opinions. There was nothing amiss about DeMarco's testimony.

### III.

Since we vacate the jury's verdict and remand for a new trial due to the trial court's mistaken application of its discretion in allowing evidence of

17

plaintiff's medical history, prior falls, and use of a handicap placard, we need not address plaintiff's contention that the trial court erred in denying her motion for a new trial. For the sake of completeness, however, we will address plaintiff's claim arising from defense counsel's summation.

Plaintiff takes issue with defense counsel's summation remarks regarding her absence from the trial, and the implication that her daughters and counsel fabricated the claim that she fell when her rollator wheel hit the column baseplate. She claims these were improper comments and had the clear capacity to result in a miscarriage of justice.

It is well settled that "counsel is allowed broad latitude in summation." Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 84 (2024) (quoting Hayes v. Delamotte, 231 N.J. 373, 387 (2018)). However, "counsel's comments must be confined to the facts shown or reasonably suggested by the evidence introduced during the course of trial." Hayes, 231 N.J. at 387 (internal quotations and citation omitted). "Summations must be fair and courteous, grounded in the evidence, and free from any potential to cause injustice." Risko, 206 N.J. at 522 (internal quotations and citation omitted). Counsel cannot "misstate the evidence [or] distort the factual picture," and closing remarks "must be based in truth." Comprehensive Neurosurgical, 257 N.J. at 84

18

(alteration in original) (quoting Bender v. Adelson, 187 N.J. 411, 431 (2006)). Counsel, however, is permitted to "argue from the evidence any conclusion which a jury is free to reach." Colucci v. Oppenheim, 326 N.J. Super. 166, 177 (App. Div. 1999). Counsel "may draw conclusions even if the inferences . . . are improbable, perhaps illogical, erroneous or even absurd, unless they are couched in language transcending the bounds of legitimate argument, or there are no grounds for them in the evidence." Ibid.

Comments in summation do not warrant a new trial unless they "are so prejudicial that 'it clearly and convincingly appears that there was a miscarriage of justice under the law.'" Bender, 187 N.J. at 431 (quoting R. 4:49-1(a)). However, the failure "to make a timely objection indicates that defense counsel did not believe the remarks were prejudicial at the time they were made." Risko, 206 N.J. at 523 (internal quotations omitted).

As to plaintiff's non-appearance at trial, defense counsel argued her liability expert "relied on [the plaintiff] and her honesty and her accuracy, and I guess they're asking you to do that too, even though she didn't come to [c]ourt to testify about what happened." Defense counsel also stated: "They didn't call [plaintiff]. They didn't call Frances. The two people that were actually in aisle 58 [the day of the accident]." After defense counsel remarked to the jury that

they "weren't given an opportunity to judge [plaintiff's] demeanor," plaintiff's counsel objected. As noted, the judge sustained the objection, instructing the jury to disregard any statements made by counsel as to why plaintiff was not in court.

We discern no injustice to plaintiff by these summation remarks. The comments regarding plaintiff's non-appearance were not appropriate because her absence was due to unrelated health reasons and the trial court had denied defendant's request for an adverse inference charge. However, the trial court properly directed the jury to disregard them. See City of Linden, Cnty. of Union v. Benedict Motel Corp., 370 N.J. Super. 372, 398 (App. Div. 2004) ("[A] clear and firm jury charge may cure any prejudice created by counsel's improper remarks during opening or closing argument."). There is no indication the jury did not. See Belmont Condo. Ass'n, Inc. v. Geibel, 432 N.J. Super. 52, 97 (App. Div. 2013) (citations omitted) ("The jury is presumed to have adhered to the court's [limiting] instruction.").

As for the defense counsel's comments regarding the failure to call Frances and that plaintiff's claim was fabricated, we review for plain error because there was no objection to these comments. There was no error. Frances was with plaintiff at the store and there was no ruling that her failure to testify

was off-limits. Counsel had the right to assert plaintiff's claim that the column baseplate caused her accident was concocted. It was fair comment by defense counsel drawn from the evidence presented to the jury. No new trial is required due to defense counsel's summation.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3963-22